No. 86–7075. CRAIG ET AL. *v.* NORTH CAROLINA. Gen. Ct. Justice, Super. Ct. Div., Cabarrus County, N. C. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

I continue to believe that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments. *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting). But even if I did not hold this view, I would grant this petition for certiorari because the state courts failed to give proper consideration to a recantation by the prosecution's star witness that throws grave doubt on the propriety of sentencing petitioners to death.

### I

A grand jury indicted petitioners Andrew Weddington Craig and Francis Marion Anthony in 1981 for the offenses of first-degree murder, common-law robbery, and robbery with a dangerous weapon. At trial, the prosecution attempted to prove that petitioners and Betty Jean Howie had robbed Seab and Edith Ritch and then had killed Edith Ritch by stabbing her repeatedly. Howie's testimony was the only evidence offered to show that petitioners had participated in the stabbing. Howie stated that she and petitioners had taken turns stabbing Edith Ritch with a pocketknife. This testimony was, at the very least, undermined

by medical testimony that the multiple stab wounds were "very much uniform in depth, range, uniform in angle of penetration and probably uniform forcewise." Pet. for Cert. 6. · At the close of trial, petitioners were convicted of all charges and sentenced to death. The Supreme Court of North Carolina affirmed the convictions and sentences. 308 N. C. 446, 302 S. E. 2d 740 (1983). Howie pleaded guilty to murder in the second degree and received a sentence of life imprisonment.

A few months after the North Carolina Supreme Court affirmed petitioners' convictions and sentences, petitioner Anthony received an unsolicited letter from Howie stating that she wanted to "g[o] back to court and tel[l] the truth" about the case. Pet. for Cert. 7. Petitioners immediately filed a joint motion for appropriate relief, and the trial court held a hearing at which Howie testified. In her ·testimony, Howie stated that she alone had stabbed Edith Ritch, although petitioners had participated in the robbery and remained on the scene during the murder. Howie further testified that she was recanting her trial testimony over the objections of her family and her counsel, who had warned her that the recantation would expose her to further prosecution. Howie explained that "I was trying to live with a lie and no one knows . . . what it has done to me, what it has taken me through." *Id.*, at 8. After listening to Howie's testimony, the trial court denied petitioners' motion for relief. In a cursory decision, the court first found that the recantation testimony was "probably not true" and "in some instances [was] incredible." App. to Pet. for Cert. A–2. The court then stated that even if the recantation were true, it would not change the result of the prior proceedings because the recantation itself showed that petitioners had "attempted to kill, or participated in the killing, or intended it, or contemplated that life may be taken in the commission of the felony robbery." *Id.*, at A–3.

## II

The trial court's conclusion that Howie's recantation, if believed, would not change the result of the prior proceedings is insupportable under our case law. That conclusion rests on the view that a sentencer may permissibly impose the death sentence if the defendant "contemplated that life may be taken in the commission" of a felony. In *Tison* v. *Arizona*, 481 U. S. 137 (1987), however, this Court explicitly rejected such a view. We stated that the death penalty is supportable in felony-murder cases only upon a

finding of intent to kill or upon a finding of reckless indifference to human life on the part of a major participant in the felony. *Id.*, at 157–158. The trial court's determination that Howie's recantation would not change the result of the sentencing proceeding thus was premised on an improper view of when the death sentence may constitutionally be imposed. In these circumstances, the determination cannot support the denial of petitioners' requested relief. That denial must rest, if at all, on the court's determination of the credibility of Howie's recantation testimony.

I believe, however, that the court's credibility finding is constitutionally deficient. This Court often has recognized that the stark finality of the death penalty creates an enhanced "need for reliability in the determination that death is the appropriate punishment in a specific case." *Woodson* v. *North Carolina*, 428 U. S. 280, 305 (1976) (plurality opinion). In capital cases, we therefore have "invalidated procedural rules that tended to diminish the reliability of the sentencing determination" and have imposed a range of procedural safeguards in their place. *Beck* v. *Alabama*, 447 U. S. 625, 638 (1980). In keeping with this practice, I previously have espoused the view that when a life is hanging in the balance, a court may not reject the recantation of critical testimony without providing a specific explanation of "what it is about that recantation that warrants a conclusion that it is not credible evidence." *Dobbert* v. *Wainwright*, 468 U. S. 1231, 1235–1236 (1984) (BRENNAN, J., dissenting). The lower court in this case failed to give even the semblance of such an explanation. Perhaps because the court believed the credibility determination to be superfluous in light of the court's alternative holding, the court said nothing more than that the recantation was "probably not true" and "in some instances [was] incredible" The denial of petitioners' motion for relief on so slight a basis is inconsistent with the requirement of heightened procedural protections to ensure the reliability of sentencing determinations in capital cases.

### III

Only three persons know who stabbed Edith Ritch. Two have insisted for many years that they took no part in the stabbing. The third, whose testimony provided the sole support for the prosecution's theory of the murder, now has confirmed their claim. There may be reasons to discount this recent recantation, but none has yet appeared on the record of this case. I would grant

the petition for certiorari to ensure that petitioners do not go to their deaths before a court has given the requisite explanation.